■ In the Matter of the Claim of WALTER HARMATUK, Respondent, v. WESTERN ELECTRIC COMPANY, Appellant, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.—GIBSON, P. J. Appeal by an employer from a decision which discharged the Special Disability Fund under subdivision 8 of section 15 of the Workmen's Compensation Law from liability on account of a second back injury, incurred approximately 33 months after a low back sprain sustained in the service of the same employer, the board finding "that claimant was not continued in the employment with knowledge by the employer of a permanent physical impairment." Claimant was assigned to lighter work following the initial injury and had awards for reduced earnings due to continuing partial disability which the board had not classified as permanent. The claim that the self-insured employer had knowledge of a permanent injury to the back rests (1) in part on the testimony of a foreman that from his observation of the way claimant carried on, he "didn't think [the back condition] would ever clear up" and the testimony of a supervisor, based on his own observation, that "To me [the back condition] looked to be permanent after all, I don't know" and (2) in part on a diagnosis of permanent partial disability by a board physician and a report by claimant's orthopedist that: "From the duration, it is permanent." On the other hand, subsequent examinations were made on behalf of the employer by other physicians, one of whom reported that claimant had "made recovery" from the first injury and another that claimant had no disability from work in his employment. A third physician was unable to "substantiate" any claim of disability, upon examination some 20 months following the first accident. Finally, the employer's own plant physician found no disability whatsoever, much less any permanent impairment, and about six weeks before the second accident found claimant "able to do his regular work without restrictions", following which claimant did return to his regular job, at which he was working when the second injury occurred. Thus, the issues respecting the employer's knowledge and informed decision were completely factual; and inasmuch as there had been conveyed to the employer so great a mass of medical opinion denying any permanent impairment, the board was completely warranted in finding that the employer reached no conclusion to the contrary and in declining to attribute to the employer's foreman and its supervisor knowledge that these many physicians did not assert or possess. (*Matter of Belanger* v. *Great Atlantic & Pacific Tea Co.*, 24 A D 2d 669, mot. for lv. to app. den. 16 N Y 2d 483; *Matter of La Count* v. *Kaufman*, 23 A D 2d 614; *Matter of Vance* v. *Ormsby*, 6 A D 2d 960.) Decision affirmed, with costs to respondent Special Disability Fund. Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.